## Commonwealth v. Schwalm

L. E. Meyer, for Commonwealth.

C. R. Gingrich, for defendant.

EHRGOOD, P. J., April 12, 1946.—Defendant, William Schwalm, was indicted for failure to stop and give name and address when involved in an accident. The case was tried before the judge without a jury, after stipulation, in writing, by counsel for defendant and the district attorney.

Section 1025 (*e*) of The Vehicle Code of May 1, 1929, P. L. 905, as amended by the Act of June 29, 1937, P. L. 2329, 75 PS §634, provides:

"The operator of any street car or trackless trolley omnibus involved in an accident, resulting in injury or death to any person or damage to property, shall give his name and address to the person struck, or the driver or occupants of the vehicle involved, or the owner or custodian of any property involved, and shall render to any person injured in such accident, reasonable assistance, including the carrying of or the securing of carriage for such person to a physician or surgeon for medical or surgical treatment, if it is apparent that such treatment is necessary, or is requested by the injured person."

The evidence shows that defendant was operating a 1943 model White passenger bus carrying Pennsylvania registration No. 05589 in a westerly direction on October 8, 1945, at about 4:30 p.m. on a three-lane highway known as Clement Avenue on the Indiantown Gap Military Reservation in East Hanover Township, Lebanon County, Pa. That Isaac Keim, at the same time and place was operating a 1937 Chevrolet sedan with 1945 Pennsylvania registration No. 35744 in a westerly direction at or near the intersection with Ypres Road. That at or near the eastern end of said road a collision occurred while Keim was operating his car to pass defendant's bus, and defendant's bus was about to turn left to go South on Ypres Road. The Chevrolet sedan collided with the said bus whereby there was a dent in the side of said Chevrolet sedan on its right side. Keim continued across the intersection in a westerly direction, and some distance to the west thereof pulled to the right side of Clement Road, stopped his car and he and a passenger got out to examine the damage to his car. After looking to see where the bus was, Keim reëntered his car and con-

tinued to drive the same in a westerly direction. After the collision defendant stopped his bus for several minutes to permit approaching traffic going in an easterly direction to clear the intersection, and then continued with a left turn on to Ypres Road to a point just south of the intersection, and stopped the bus. Defendant remained seated in his bus while one of the passengers thereof made an inspection as to any damage to the bus. The evidence is conflicting as to the location of the bus when Isaac Keim drove away in his car. Defendant testified, in which he was substantiated by other evidence, that Keim drove away while he was still stopped on Clement Road awaiting for an opportunity to turn into and park on Ypres Road. One of the burdens placed upon the Commonwealth in this prosecution was to show beyond a reasonable doubt that defendant had reasonable opportunity, under the circumstances, to give his name and address to the operator of the other vehicle involved in the collision. Defendant in a prosecution such as this cannot be found guilty of the violation charged in the event that the other party involved in the collision did not give him a reasonable opportunity to comply with the requirements of the section of the act of assembly under which he is prosecuted. We are of the opinion that the Commonwealth has not met the burden of proof required to establish the guilt of defendant, beyond a reasonable doubt, and he is, therefore, entitled to an acquittal. Prosecutor was a member of the Pennsylvania State Police and the prosecution was brought in good faith, and in the course of the performance of his duty as such police officer. Therefore, he should not be visited with the costs of this prosecution.

And now, to wit, April 12, 1946, for these reasons we adjudge defendant to be not guilty, and direct that the costs of prosecution be paid by the County of Lebanon, Pa.